FILED

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

2020 OCT -6  PM 12: 40

CLERK, US DISTRICT COURT
MIDDLE DISTRICT FLORIDA
TAMPA, FLORIDA

UNITED STATES OF AMERICA

v.                                    CASE NO. 8:20-cr-309T23 AEP
                                      18 U.S.C. § 371
GLIB OLEKSANDR IVANOV-TOLPINTSEV      18 U.S.C. § 1029(a)(2)
    a/k/a Gleb Aleksandr Ivanov-Tolpintsev   18 U.S.C. § 1030(a)(6)
    a/k/a Sergios
    a/k/a Mars

## INDICTMENT

The Grand Jury charges:

### COUNT ONE
(Conspiracy)

**A.   Introduction**

At all times material to this Indictment:

1. GLIB OLEKSANDR IVANOV- TOLPINTSEV ("IVANOV-TOLPINTSEV"), Conspirator #1, and Conspirator #2 were Ukrainian nationals and residents.

2. The "Marketplace" was an e-commerce storefront that facilitated the unauthorized sale of login credentials, such as passwords, of compromised computers all over the world. The Marketplace existed primarily as a place for individuals to buy and sell access to compromised computers, which were

used to facilitate a wide range of illegal activity, including tax fraud and ransomware attacks. Conspirator #1 and Conspirator #2 were administrators of the Marketplace.

3. A "botnet" was a network of computers infected with malware and controlled as a group without the owners' knowledge.

4. A "brute-force attack" was a trial and error method used to decrypt encrypted data through exhaustive effort rather than an intellectual strategy. Brute-forcing tools are malware designed to decrypt computer login credentials.

### B. The Conspiracy

5. Beginning on an unknown date, but from as early as in or around May 2016, and continuing through the date of this Indictment, in the Middle District of Florida and elsewhere, IVANOV-TOLPINTSEV did knowingly and willfully combine, conspire, confederate, and agree with others known and unknown to the grand jury to commit the following offenses against the United States:

    a. trafficking in unauthorized access devices, in violation of 18 U.S.C. § 1029(a)(2); and

    b. trafficking in unauthorized computer passwords, in violation of 18 U.S.C. § 1030(a)(6).

### C. Manner and Means

6. The manner and means by which IVANOV-TOLPINTSEV and others sought to accomplish the conspiracy included, among other things, the following:

   a. It was a part of the conspiracy that IVANOV-TOLPINTSEV would and did use a botnet and brute-forcing malware to compromise and unlawfully obtain the login credentials of computers all over the world.

   b. It was further a part of the conspiracy that IVANOV-TOLPINTSEV created an account on the Marketplace for the purpose of selling the login credentials of compromised computers.

   c. It was further a part of the conspiracy that IVANOV-TOLPINTSEV would and did list the login credentials of compromised computers for sale on the Marketplace.

   d. It was further a part of the conspiracy that unidentified conspirators would and did purchase the login credentials of compromised computers for sale on the Marketplace.

   e. It was further a part of the conspiracy that IVANOV-TOLPINTSEV would and did obtain proceeds of this fraudulent scheme for his own personal enrichment.

### D.  Overt Acts

7. In furtherance of the conspiracy and to effect its objects, IVANOV-TOLPINTSEV or his conspirators committed the following overt acts, among others, in the Middle District of Florida and elsewhere:

   a. On or about May 23, 2016, IVANOV-TOLPINTSEV asked if the Marketplace was accepting sellers, and Conspirator #1 provided IVANOV-TOLPINTSEV with the requirements to become a seller on the Marketplace.

   b. On or about October 27, 2016, IVANOV-TOLPINTSEV told Conspirator #1 that IVANOV-TOLPINTSEV controlled a botnet that used brute-force attacks to decrypt computer login credentials, and that the botnet was capable of decrypting the login credentials of at least 2,000 computers each week.

   c. On or about January 8, 2017, IVANOV-TOLPINTSEV created an account on the Marketplace for the purpose of selling login credentials of compromised computers.

   d. On or about March 28, 2017, IVANOV-TOLPINTSEV confirmed to Conspirator #2 that IVANOV-TOLPINTSEV had been using brute-force attacks decrypt computer login credentials.

  e. On or about April 6, 2017, IVANOV-TOLPINTSEV told Conspirator #2 that IVANOV-TOLPINTSEV had collected the login credentials of 20,000 compromised computers.

  f. On or about April 11, 2017, IVANOV-TOLPINTSEV sent Conspirator #2 approximately 2,000 login credentials of compromised computers.

  g. On or about April 13, 2017, Conspirator #2 referred IVANOV-TOLPINTSEV to Conspirator #1.

  h. On or about April 13, 2017, Conspirator #1 conditionally accepted IVANOV-TOLPINTSEV as a seller on the Marketplace.

  i. On or about June 26, 2018, IVANOV-TOLPINTSEV listed the login credentials of a victim located in the Middle District of Florida ("Victim A") for sale on the Marketplace. On or about June 26, 2018, an unidentified conspirator purchased the credentials of Victim A from the Marketplace.

  j. On or about July 13, 2018, IVANOV-TOLPINTSEV listed the login credentials of a victim located in the Middle District of Florida ("Victim B") for sale on the Marketplace. On or about July 14, 2018, an unidentified conspirator purchased the credentials of Victim B from the Marketplace.

k. On or about November 23, 2018, IVANOV-TOLPINTSEV listed the login credentials of a victim located in the District of Maryland ("Victim C") for sale on the Marketplace. On or about November 23, 2018, an unidentified conspirator purchased the credentials of Victim C from the Marketplace.

l. On or about December 7, 2018, IVANOV-TOLPINTSEV listed the credentials of a victim located in the Central District of California ("Victim D") for sale on the Marketplace. On or about December 10, 2018, an unidentified conspirator purchased the credentials of Victim D from the Marketplace.

m. On or about December 8, 2018, IVANOV-TOLPINTSEV listed the credentials of a victim located in the District of Colorado ("Victim E") for sale on the Marketplace. On or about December 8, 2018, an unidentified conspirator purchased the credentials of Victim E from the Marketplace.

n. On or about December 8, 2018, IVANOV-TOLPINTSEV sent Conspirator #2 the credentials for Victim C, Victim D, and Victim E.

All in violation of 18 U.S.C. § 371.

## COUNT TWO
### (Trafficking in Unauthorized Access Devices)

1. The allegations contained in Count One of this Indictment are incorporated by reference as if fully set forth herein.

2. From on or about January 1, 2018, through on or about December 31, 2018, in the Middle District of Florida and elsewhere, the defendant,

GLIB OLEKSANDR IVANOV-TOLPINTSEV,

knowingly and with the intent to defraud, trafficked in unauthorized access devices, that is, passwords of compromised computers, and by such conduct obtained a thing of value totaling $1,000 or more, and such trafficking affected interstate and foreign commerce.

In violation of 18 U.S.C. § 1029(a)(2) and (c)(1)(A)(i).

## COUNT THREE
### (Trafficking in Computer Passwords)

1. The allegations contained in Count One of this Indictment are incorporated by reference as if fully set forth herein.

2. On or about June 26, 2018, in the Middle District of Florida and elsewhere, the defendant,

GLIB OLEKSANDR IVANOV- TOLPINTSEV,

knowingly and with the intent to defraud trafficked in a password and similar

information through which a computer may be accessed without authorization, and such trafficking affected interstate and foreign commerce.

In violation of 18 U.S.C. §§ 1030(a)(6)(A), (c)(2)(A), and 2.

## COUNT FOUR
### (Trafficking in Computer Passwords)

1. The allegations contained in Count One of this Indictment are incorporated by reference as if fully set forth herein.

2. On or about July 13, 2018, in the Middle District of Florida and elsewhere, the defendant,

GLIB OLEKSANDR IVANOV- TOLPINTSEV,

knowingly and with the intent to defraud trafficked in a password and similar information through which a computer may be accessed without authorization, and such trafficking affected interstate and foreign commerce.

In violation of 18 U.S.C. §§ 1030(a)(6)(A), (c)(2)(A), and 2.

## FORFEITURE

1. The allegations contained in Counts One through Four of this Indictment are incorporated by reference as if fully set forth herein for the purpose of alleging forfeitures pursuant to 18 U.S.C. §§ 982(a)(2)(B), 1029(c)(1)(C), and 1030(i).

2. Upon conviction of a violation of 18 U.S.C. § 1029, or a conspiracy to violate 18 U.S.C. § 1029 (18 U.S.C. § 371), the defendant shall

forfeit to the United States, pursuant to 18 U.S.C. § 982(a)(2)(B), any property constituting, or derived from, proceeds the person obtained directly or indirectly, as a result of such violation, and pursuant to 18 U.S.C. § 1029(c)(1)(C), any personal property used or intended to be used to commit the offense.

3. Upon conviction of a violation of 18 U.S.C. § 1030, or a conspiracy to violate 18 U.S.C. § 1030 (18 U.S.C. § 371), the defendant shall forfeit to the United States, pursuant to 18 U.S.C. § 982(a)(2)(B), any property constituting, or derived from, proceeds obtained, directly or indirectly, as a result of such violation and, pursuant to 18 U.S.C. § 1030(i), any personal property used or intended to be used to commit or to facilitate the commission of such violation.

4. The property to be forfeited includes, but is not limited to, an order of forfeiture in the amount of $82,648, the amount of proceeds the defendant obtained from the offenses.

5. If any of the property described above, as a result of any act or omission of the defendant:

    a. cannot be located upon the exercise of due diligence;

    b. has been transferred or sold to, or deposited with, a third party;

    c. has been placed beyond the jurisdiction of the court;

      d.      has been substantially diminished in value; or

      e.      has been commingled with other property which cannot be divided without difficulty,

the United States of America shall be entitled to forfeiture of substitute property under the provisions of 21 U.S.C. § 853(p), as incorporated by 18 U.S.C. § 982(b)(1).

A TRUE BILL,

_____
Foreperson

MARIA CHAPA LOPEZ
United States Attorney

By: _____
Carlton C. Gammons
Assistant United States Attorney

By: _____
Cherie L. Krigsman
Assistant United States Attorney
Chief, National Security and Cybercrime Section

10

FORM OBD-34
September 20

No.

# UNITED STATES DISTRICT COURT
Middle District of Florida
Tampa Division

THE UNITED STATES OF AMERICA

vs.

GLIB OLEKSANDR IVANOV-TOLPINTSEV
a/k/a Gleb Aleksandr Ivanov-Tolpintsev
a/k/a Sergios
a/k/a Mars

## INDICTMENT

Violations:   18 U.S.C. § 371, 18 U.S.C. § 1029(a)(2), 18 U.S.C. § 1030(a)(6)

A true bill,

*Jachelle Suttin*
Foreperson

Filed in open court this 6th day

of October, 2020.

_____
Clerk

Bail $_____

GPO 863 525