UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**NOTICE: COMPLIANCE WITH NEW LOCAL RULE 1.08**

Effective **FEBRUARY 1, 2021**, new Local Rule 1.08, which appears below, will govern the form of a pleading, motion, or other paper. You should adjust as soon as possible to ensure timely and thorough compliance with new Local Rule 1.08.

By limiting the pages permitted in certain circumstances, Local Rule 3.01 intends to place the parties "on an equal footing" by, among other things, reasonably limiting the length of the parties' papers. But some parties undertake to defeat the purpose of Rule 3.01 and to gain an unjust advantage by an array of devices, including by an unusual or specialized typeface, by less than double-spaced (2.0 spaces) text, and by manipulation of the settings on the word-processing program to produce a paper with more words and more lines per page but on the same number of pages used by an adversary.

For example, the subtle but real advantage gained by using Times New Roman (and some other typefaces) is illustrated by comparing these two lines (each font is "normal" letterspacing and each is 13-point):

Calisto MT:  Why in the world should we not choose an advantageous typeface?
Times NR:    Why in the world should we not choose an advantageous typeface?

Similarly, the effect of manipulative letterspacing is illustrated by comparing these five lines (each entry is 12-point Calisto MT but the letterspacing is biased as specified):

115%:  Why in the world should we not deceptively adjust the letterspacing?
106%:  Why in the world should we not deceptively adjust the letterspacing?
100%:  Why in the world should we not deceptively adjust the letterspacing?
94%:   Why in the world should we not deceptively adjust the letterspacing?
85%:   Why in the world should we not deceptively adjust the letterspacing?

History proves that new Local Rule 1.08 is necessary to restore parity and improve legibility. Compliance with new Local Rule 1.08 is easily achieved with each word processing program in common use. For more information on document preparation, consult authorities such as Matthew Butterick, *Typography for Lawyers* (2nd Edition, 2015).

**Rule 1.08 Form of a Pleading, Motion, or Other Paper**

(a) TYPOGRAPHY REQUIREMENTS. Except as provided in (b), each pleading, motion, or other paper, excluding an exhibit, an attachment, a transcript, an image, or other addendum, must conform to these requirements:

| | |
|---|---|
| **Paper Size** | 8½ x 11 inches |
| **Margins** | 1 inch |
| **Page Numbering** | Bottom center but no numbering necessary on page one |
| **Main Text** | At least 13-point, 2.0 double-spaced |
| **Indented Quotation** | At least 12-point, single-spaced |
| **Footnote** | At least 11-point, single-spaced |

| **Typeface** | Book Antiqua<br>Calisto MT<br>Century Schoolbook<br>Georgia<br>Palatino |
|---|---|
| **Character Spacing** | Scale: 100%<br>Spacing: Normal<br>Position: Normal |

      (b) ANOTHER PERMISSIBLE TYPEFACE. Times New Roman is permitted if the main text is at least 14-point, an indented quotation is at least 13-point, a footnote is at least 12-point, and the paper otherwise complies with (a).

      (c) Requirements for Other Submissions. The judge can permit a party to file a tangible rather than an electronic paper or a handwritten rather than a typewritten paper. The party must use opaque, unglazed, white, unbound paper with print on only one side.

ORDERED in Tampa, Florida, on January 11, 2021.

                                    */s/ Steven D. Merryday*
                              STEVEN D. MERRYDAY
                        UNITED STATES DISTRICT JUDGE