UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.                                    Case No. 8:20-cr-309-SDM-AEP

GLIB OLEKSANDR IVANOV-TOLPINTSEV
    a/k/a Gleb Aleksandr Ivanov-Tolpintsev
    a/k/a Sergios
    a/k/a Mars

**UNITED STATES' MOTION
FOR ORDER OF FORFEITURE**

Pursuant to 18 U.S.C. § 982(a)(2)(B) and Rule 32.2(b)(2) of the Federal Rules of Criminal Procedure, the United States of America hereby files this motion for an order of forfeiture against the defendant in the amount of $82,648, representing the amount of proceeds he obtained as a result of his participation in the conspiracy charged in Count One of the Indictment.

The United States further asks that, in accordance with his Plea Agreement (Doc. 36 at 9), the order of forfeiture become final as to the defendant at the time it is entered. In support of its motion, the United States submits the following memorandum of law.

**MEMORANDUM OF LAW**

**I.    Statement of Facts**

    **A.    Allegations Against the Defendant**

    1.    The defendant was charged in an Indictment, in pertinent part, with

conspiracy to traffic unauthorized access devices and computer passwords, in violation of 18 U.S.C. § 371.  Doc. 4.

2.  The Indictment also contained forfeiture allegations putting the defendant on notice that, pursuant to, 18 U.S.C. § 982(a)(2)(B), among others, the United States would seek an order of forfeiture in the amount of $82,648, representing the amount of proceeds the defendant obtained from the offenses.  *Id.* at 9.

**B.  Finding of Guilt and Admissions of Fact**

3.  On February 22, 2022, the defendant pled guilty to Count One (conspiracy to traffic unauthorized access devices and computer passwords) before United States Magistrate Judge Anthony E. Porcelli, who recommended that the defendant's guilty plea be accepted.  Docs. 37, 38.  On March 10, 2022, United States District Judge Steven D. Merryday accepted the defendant's plea and adjudicated him guilty.  Doc. 41.  The defendant's sentencing is currently set for May 12, 2022.

4.  On pages 18 through 21 of his Plea Agreement (Doc. 36), the defendant admitted, among other things, that from on or around October 2014 until on or around January 2019, a dark web website (the Marketplace) existed as a place for individuals to buy and sell stolen login credentials (user names and passwords) of compromised computer servers, and personal identification information (dates of birth and social security number, or "PII") of U.S. residents.  Once purchased, these

servers were used to facilitate a wide range of illegal activity, including tax fraud and ransomware attacks.

Conspirator #1 and Conspirator #2 were both Ukrainian nationals and residents and acted as Administrators of the Marketplace. Beginning in or around May 2016, and continuing until in or around April 2017, the defendant, also a Ukrainian national and resident, communicated with Conspirator #1 and Conspirator #2 in an attempt to become a Seller on the Marketplace. In doing so, the defendant explained that he controlled a botnet and used brute-forcing malware to compromise and obtain the credentials of computers all over the world and boasted that these methods decrypted the login credentials of at least 2,000 computers every week.

Eventually, the Administrators accepted the defendant as a Seller, and he created an account with the Marketplace on or about January 8, 2017, under the username "Mars." From that date until on or about January 15, 2019, the defendant listed approximately 6,704 servers for sale on the Marketplace for which buyers paid at least $82,648.

        **C.**    **Admissions Relating to Forfeiture**

5. In paragraph 12 of his Plea Agreement, pursuant to, 18 U.S.C. § 982(a)(2)(B), among others, the defendant agreed to forfeit $82,648 in proceeds which he admitted he obtained from the offense. Doc. 36 at 8. The defendant further agreed that, as a result of the acts and omissions of the defendant, the proceeds have been transferred to third parties and cannot be located by the United

States upon the exercise of due diligence. *Id*.

## II. Applicable Law

The United States is entitled to an order of forfeiture against the defendant, pursuant to 18 U.S.C. § 982(a)(2)(B), which provides that the United States may criminally forfeit any property constituting, or derived from, proceeds the person obtained, directly or indirectly, as a result of a violation of 18 U.S.C. §§ 1029 and/or 1030, or a conspiracy to commit such violations (18 U.S.C. § 371).

For cases in which a defendant no longer has the actual dollars or property traceable to proceeds in his possession, or the government cannot locate those assets, the obligation to forfeit simply takes the form of an order of forfeiture in favor of the United States. *See United States v. Padron*, 527 F.3d 1156, 1161-62 (11th Cir. 2008). Rule 32.2(b)(1) provides that, where the government seeks an order of forfeiture, the Court must determine the amount of money that the defendant will be ordered to pay.

The defendant admitted that he has dissipated the criminal proceeds that he obtained from his offenses. Doc. 36 at 8. Because the United States could not locate the specific property constituting or derived from the proceeds the defendant obtained from his participation in the conspiracy, the United States seeks an order of forfeiture against the defendant in the amount of $82,648, pursuant to Rule 32.2(b)(2). As the defendant has agreed, he obtained $82,648 in proceeds as a result of his participation in the conspiracy to traffic unauthorized access devices and computer passwords. If the Court finds that at least $82,648 was obtained by the

4

defendant, and that he has dissipated those proceeds, then it is appropriate for the Court to enter an order of forfeiture against the defendant in that amount pursuant to Rule 32.2(b)(2).

### III. Conclusion

For the reasons stated above, the United States requests that, pursuant to 18 U.S.C. § 982(a)(2)(B) and Rule 32.2(b)(2), the Court enter an order of forfeiture against the defendant in the amount of $82,648, for which he will be held liable.

The United States further requests that, because the $82,648 in proceeds was dissipated by the defendant, the United States may seek, as a substitute asset, pursuant to 21 U.S.C. § 853(p), as incorporated by 18 U.S.C. § 982(b)(1), forfeiture of any of the defendant's property up to the value of $82,648.

The United States further requests that, in accordance with his Plea Agreement (Doc. 36 at 9), the order of forfeiture become final as to the defendant at the time it is entered.

As required by Federal Rule of Criminal Procedure 32.2(b)(4)(B), the United States requests that the Court include the forfeiture when orally pronouncing the sentence and in the judgment. *See* Fed. R. Crim. P. 32.2(b)(4)(B) and *United States v. Kennedy*, 201 F.3d 1324, 1326 (11th Cir. 2000).

The United States further requests that the Court retain jurisdiction to address any third-party claim that may be asserted in these proceedings, to enter any further order necessary for the forfeiture and disposition of such property, and to order any substitute assets forfeited to the United States up to the amount of the order of forfeiture.

        Respectfully submitted,

        ROGER B. HANDBERG
        United States Attorney

By:   *s/ Suzanne C. Nebesky*
       SUZANNE C. NEBESKY
       Assistant United States Attorney
       Fla. Bar No. 59377
       400 N. Tampa Street, Suite 3200
       Tampa, Florida 33602
       Tel:   (813) 274 6000
       E-mail: suzanne.nebesky@usdoj.gov

## **CERTIFICATE OF SERVICE**

I hereby certify that on April 11, 2022, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to counsel of record.

        *s/ Suzanne C. Nebesky*
        SUZANNE C. NEBESKY
        Assistant United States Attorney