# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

UNITED STATES OF AMERICA

v.

GLIB OLEKSANDR IVANOV-TOLPINTSEV

**JUDGMENT IN A CRIMINAL CASE**

Case Number: 8:20-cr-309-SDM-AEP
USM Number: 63147-509

Adrian Burden, AFPD

The defendant, who pleaded guilty to Count One of the Indictment, is adjudicated guilty of these offenses:

| TITLE & SECTION | NATURE OF OFFENSE | OFFENSE ENDED | COUNT |
|---|---|---|---|
| 18 U.S.C. §§ 371, 1029(a)(2), and 1030(a)(6) | Conspiracy to Traffic in Unauthorized Access Devices and Computer Passwords | October, 2020 | One |

As provided in this judgment, the defendant is sentenced in accord with 18 U.S.C. § 3553(a) and the Sentencing Reform Act of 1984, to the extent applicable after *United States. v. Booker*, 543 U.S. 220 (2005).

Counts Two, Three, and Four of the Indictment are dismissed in accord with the plea agreement.

The defendant must notify the United States Attorney for this district within thirty days after any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the Court and United States Attorney of any material change in the defendant's economic circumstances.

Sentence imposed on May 12, 2022

_____
STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE

May 12th, 2022

AO 245B (Rev. 09/19) Judgment in a Criminal Case

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons for imprisonment for **FOURTY-EIGHT MONTHS**.

The Court recommends to the Bureau of Prisons that:

- The defendant be sent to a facility with UNICOR and that the defendant be allowed to participate in English classes.

The defendant is remanded to the custody of the United States Marshal.

## RETURN

I have executed this judgment as follows:

_____

_____

_____

_____

The defendant delivered on _____ to _____

at _____, with a certified copy of this judgment.

_____

UNITED STATES MARSHAL

By:_____
     Deputy U.S. Marshal

AO 245B (Rev. 09/19) Judgment in a Criminal Case

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant must serve **TWO YEARS** on supervised release.

## MANDATORY CONDITIONS

1. The defendant must not commit another federal, state, or local crime.
2. The defendant must not unlawfully possess a controlled substance.
3. The defendant must refrain from any unlawful use of a controlled substance. The defendant must submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.
   - The mandatory drug testing requirements of the Violent Crime Control Act are suspended. However, the defendant must submit to random drug testing not to exceed 104 tests per year
5. The defendant must make restitution in accordance with 18 U.S.C. §§ 3663 and 3663A or any other statute authorizing a sentence of restitution.

## STANDARD CONDITIONS OF SUPERVISION

As part of your supervised release, the defendant must comply with the following standard conditions of supervision. These conditions are imposed because they establish the basic expectations for your behavior while on supervision and identify the minimum tools needed by Probation Officers to keep informed, report to the court about, and bring about improvements in your conduct and condition.

1. The defendant must report to the Probation Office in the federal judicial district where you are authorized to reside within 72 hours of your release from imprisonment, unless the Probation Officer instructs you to report to a different Probation Office or within a different time frame. After initially reporting to the Probation Office, the defendant will receive instructions from the court or the Probation Officer about how and when the defendant must report to the Probation Officer, and the defendant must report to the Probation Officer as instructed.
2. After initially reporting to the Probation Office, you will receive instructions from the court or the Probation Officer about how and when the defendant must report to the Probation Officer, and the defendant must report to the Probation Officer as instructed.
3. The defendant must not knowingly leave the federal judicial district where you are authorized to reside without first getting permission from the court or the Probation Officer.
4. The defendant must answer truthfully the questions asked by your Probation Officer
5. The defendant must live at a place approved by the Probation Officer. If you plan to change where you live or anything about your living arrangements (such as the people you live with), the defendant must notify the Probation Officer at least 10 days before the change. If notifying the Probation Officer in advance is not possible due to unanticipated circumstances, the defendant must notify the Probation Officer within 72 hours of becoming aware of a change or expected change.
6. The defendant must allow the Probation Officer to visit you at any time at your home or elsewhere, and the defendant must permit the Probation Officer to take any items prohibited by the conditions of your supervision that he or she observes in plain view.
7. The defendant must work full time (at least 30 hours per week) at a lawful type of employment, unless the Probation Officer excuses you from doing so. If you do not have full-time employment the defendant must try to find full-time employment, unless the Probation Officer excuses you from doing so. If you plan to change where you work or anything about your work (such as your position or your job responsibilities), the defendant must notify the Probation Officer at least 10 days before the change. If notifying the Probation Officer at least 10 days in advance is not possible due to unanticipated circumstances, the defendant must notify the Probation Officer within 72 hours of becoming aware of a change or expected change.
8. The defendant must not communicate or interact with someone you know is engaged in criminal activity. If you know someone has been convicted of a felony, the defendant must not knowingly communicate or interact with that person without first getting the permission of the Probation Officer.
9. If you are arrested or questioned by a law enforcement officer, the defendant must notify the Probation Officer within **72 hours**.
10. The defendant must not own, possess, or have access to a firearm, ammunition, destructive device, or dangerous weapon (i.e., anything that was designed, or was modified for, the specific purpose of causing bodily injury or death to another person such as nunchakus or tasers).
11. The defendant must not act or make any agreement with a law enforcement agency to act as a confidential human source or informant without first getting the permission of the court.
12. If the Probation Officer determines that you pose a risk to another person (including an organization), the Probation Officer may require you to notify the person about the risk and the defendant must comply with that instruction. The Probation Officer may contact the person and confirm that you have notified the person about the risk.
13. The defendant must follow the instructions of the Probation Officer related to the conditions of supervision.

**U.S. Probation Office Use Only**

A U.S. Probation Officer has instructed me on the conditions specified by the court and has provided me with a written copy of this judgment containing these conditions. I understand that I can find further information about these conditions at *Overview of Probation and Supervised Release Conditions*, available at: www.uscourts.gov.

Defendant's Signature:_____   Date:_____

## ADDITIONAL CONDITIONS OF SUPERVISED RELEASE

1. If deported from the United States, the defendant must not re-enter the United States without the express permission of the Attorney General of the United States.

   The defendant was paroled into the United States for prosecution.

## CRIMINAL MONETARY PENALTIES

The defendant must pay the following total criminal monetary penalties in accord with the schedule of payments.

| Assessment | Restitution | Fine | AVAA Assessment | JVTA Assessment |
|---|---|---|---|---|
| $100.00 | To be determined. | WAIVED | N/A | N/A |

The defendant must make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee must receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(I), all nonfederal victims must be paid in full prior to the United States receiving payment.

## SCHEDULE OF PAYMENTS

In accord with his ability, the defendant must pay the total criminal monetary penalties as follows:

Special Assessment must be paid in full and is due immediately.

Unless expressly ordered otherwise in the special instructions above and if this judgment imposes imprisonment, the defendant must pay a criminal monetary penalty and during the time of imprisonment. A criminal monetary penalty, except a payment, through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are payable to the Clerk of the Court, unless otherwise directed by the Court, the Probation Officer, or the United States attorney.

The defendant must receive credit for any previous payment toward any criminal monetary penalty imposed.

Payments must apply in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) AVAA assessment, (5) fine principal, (6) fine interest, (7) community restitution, (8) JVTA assessment, and (9) penalties, and (10) costs, including cost of prosecution and court costs.

## FORFEITURE

The defendant must forfeit to the United States those assets previously identified in the Order of Forfeiture, that are subject to forfeiture.

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.     CASE NO. 8:20-cr-309-SDM-AEP

GLIB OLEKSANDR IVANOV-
TOLPINTSEV

   a/k/a Gleb Aleksandr Ivanov-Tolpintsev
   a/k/a Sergios
   a/k/a Mars
_____/

## ORDER

The defendant pleaded guilty to conspiracy in violation of 18 U.S.C. § 371 to traffic unauthorized access devices and computer passwords. The United States has established that the defendant obtained at least $82,648 from his participation in the conspiracy.

The United States moves under 18 U.S.C. § 982(a)(2)(B) and Rule 32.2(b)(2), Federal Rules of Criminal Procedure, for forfeiture of $82,648, which upon entry become final. The motion is **GRANTED**, and the defendant forfeits the $82,648 to the United States.

The proceeds of the offense were transferred to third parties, and the United States cannot locate the proceeds despite due diligence. Accordingly, under 21 U.S.C. § 853(p), the United States can seek as a substitute asset in satisfaction of this judgment forfeiture of any of the defendant's property to the extent of $82,648.

Jurisdiction is retained to resolve a third-party claim and to enter an order necessary for the forfeiture and disposition of a substitute asset.

ORDERED in Tampa, Florida, on April 19, 2022.

*[signature]*
STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE