UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.  CASE NO. 8:20-cr-309-SDM-AEP

GLIB OLEKSANDR IVANOV-
TOLPINSTEV

_____/

**ORDER**

Citing "latent tuberculosis" and COVID-19, the defendant moves (Doc. 63) for compassionate release. The United States responds (Doc. 65) in opposition. The defendant replies (Doc. 67) in support of the motion.

On May 13, 2020, the defendant was charged with crimes resulting from his listing more than 6,000 compromised server passwords for sale on a dark web marketplace. The defendant was arrested in Poland and extradited to the United States. On February 22, 2022, the defendant pleaded guilty to conspiracy. On May 13, 2022, the defendant was sentenced to forty-eight months of imprisonment. The defendant, who is twenty-nine years old, serves his sentence in a low-security federal correctional institution in Loretto, Pennsylvania. The Bureau of Prisons projects his release on January 28, 2025.

Under 18 U.S.C. § 3582, a district court "may reduce the term of imprisonment . . . after considering the factors set forth in section 3553(a) to the extent that

they are applicable, if [the district court] finds that . . . extraordinary and compelling reasons warrant such a reduction . . . and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." Under the "applicable policy statement," U.S.S.G. § 1B1.13, the "extraordinary and compelling reasons" warranting reduction comprise "(A) a terminal illness or a serious medical condition, (B) old age, (C) certain family circumstances, and (D) other reasons, other than or in combination with those listed in (A) through (C), as determined by the BOP Director." The policy statement is exhaustive and "does not grant discretion to courts to develop 'other reasons' that might justify a reduction in a defendant's sentence." *United States v. Bryant*, 996 F.3d 1243, 1247–48 (11th Cir. 2021). Even if the defendant presents an "extraordinary and compelling reason," the policy statement prohibits a reduction unless "[t]he defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g)."

    The defendant fails to qualify for compassionate release. The defendant is twenty-nine years old, vaccinated against COVID-19, and generally healthy. Although diagnosed with latent tuberculosis, the condition is not contagious and not active. (Doc. 65-1 at 5) Also, the defendant argues that his mother's ailing health and cancer diagnosis warrants compassionate release. However, "family circumstances" qualify a defendant for compassionate release only in the event of "the death or incapacitation of the caregiver of the defendant's minor child or minor children" or "the incapacitation of the defendant's spouse or registered partner when the defendant would be the only available caregiver for the spouse or registered partner." The

defendant is not married and has no children. The defendant's generalized apprehension about COVID-19, his generalized criticism about the BOP's handling of COVID-19,[*] and his mother's health fail to establish a basis for compassionate release in U.S.S.G. § 1B1.13.

Also, the Section 3553(a) factors disfavor release. For more than two years, Ivanov-Tolpinstev listed login credentials for more than 6,000 servers on a dark web marketplace. His conduct was prolonged, widespread, and will almost certainly yield catastrophic consequences for many of his victims. Early release would not further respect for the law and would subject the public to an unacceptable prospect of further harm. The motion (Doc. 63) is **DENIED**.

ORDERED in Tampa, Florida, on February 11, 2023.

*[signature]*
STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE

---

[*] To the extent the defendant challenges the conditions of his confinement as "cruel and unusual," the defendant must pursue relief through an appropriate civil action.